| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock St.<br>Room 256<br>Denver, CO 80202<br>720-865-8301 | DATE FILED: October 6, 2017 11:46 AM<br>FILING ID: A5B45CCF24D20<br>CASE NUMBER: 2017CV33731 |
| **SCOTT TAYLOR,**<br><br>*Plaintiff,*<br><br>vs.<br><br>**SAFECO INSURANCE COMPANY OF AMERICA,**<br><br>*Defendant.* | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Div. |
| *Attorneys for Plaintiff:*<br>Shawn E. McDermott, #21965<br>Timothy M. Garvey, #42668<br>MCDERMOTT LAW, LLC<br>2300 15th Street, Suite 200<br>Denver, CO 80202<br>(303) 964-1800<br>(303) 964-1900 (Fax)<br>*shawn@mcdermottlaw.net*<br>*tim@mcdermottlaw.net* | |
| **COMPLAINT AND JURY DEMAND** | |

The Plaintiff, Scott Taylor ("Mr. Taylor"), through his counsel, McDermott Law, LLC, for his Complaint against the Defendant, Safeco Insurance Company of America ("Safeco"), states and alleges as follows:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, Mr. Taylor, is and at all relevant times was a resident of the city of Denver, in Denver County, Colorado.



2. Upon information and belief, Defendant Safeco is and at all relevant times was a corporation existing under the laws of the State of New Hampshire, with its principal place of business in Keene, New Hampshire.

3. Upon information and belief, Safeco is and was at all relevant times an insurance company authorized to conduct the business of insurance in the State of Colorado.

4. This Court has subject matter jurisdiction over this action, which is governed by Colorado law.

5. Mr. Taylor designates Denver County as the venue for this action, which is proper under C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

6. Mr. Taylor purchased from Safeco an automobile insurance policy (the "Policy").

7. The Policy provided Mr. Taylor with underinsured motorist coverage ("UIM Coverage"), for which he paid an additional premium.

8. Under the UIM Coverage, Safeco agreed to pay for damages Mr. Taylor became legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury that he sustained in a collision that arose out of the ownership, maintenance, or use of an underinsured motor vehicle.

9. Under the UIM Coverage, Safeco agreed to pay insurance benefits to Mr. Taylor after the limits of liability under all applicable bodily injury liability policies had been exhausted by payment of judgments or settlements.

10. The Policy was in effect on March 14, 2014.

11. On March 14, 2014, at approximately 9:15 a.m., Mr. Taylor was a passenger in a vehicle driven by his wife, Jennifer Hekkers, which was traveling southbound on S. Santa Fe Drive.

12. As Ms. Hekkers approached the intersection at S. Crocker Street, the light turned yellow and she came to a complete stop.

13. Charlie Nash, driving a Dodge pickup truck, was trailing Ms. Hekkers as they approached the intersection at S. Crocker Street.

14. Mr. Nash became distracted and did not see the light turn to yellow, nor did he see Ms. Hekkers stop her vehicle.

15. Mr. Nash then crashed into the back of Ms. Hekkers' vehicle at approximately 35 miles per hour (the "Collision").

16. Mr. Taylor suffered injuries, damages, and losses in the Collision.

17. The Littleton Police Department investigated the Collision and cited Mr. Nash for careless driving.

18. No other parties involved in the Collision were cited or ticketed by the Littleton Police Department.

19. Mr. Nash's negligence was the sole cause of the Collision.

20. Mr. Taylor is legally entitled to recover monetary damages from Mr. Nash for the injuries, damages, harms, and losses he incurred because of the Collision, which include, without limitation, the following:

    a. past and future physical injuries, including, concussion, post-concussive syndrome, chronic pain, C6-7 impingement and disk herniation, chronic cervicalgia with myofascial strain, radicular pain, shoulder pain, neck pain, back pain, fatigue, and depression;

    b. past and future economic losses, including loss of past earnings, loss of future earnings, loss of earning capacity, loss of profits, past and future medical and treatment expenses, and increased living expenses;

    c. past and future nonpecuniary losses, including pain and suffering, inconvenience, emotional stress, impairment of the quality of life, mental anguish, humiliation, distress of mind, embarrassment, fear, anxiety, worry, shock, and indignity;

    d. past and future physical impairment;

    e. past and future loss of enjoyment of life, society, services, companionship, and affection;

    f. past and future loss of essential and home services;

21. Because of the Collision, Mr. Taylor has incurred over $30,000 in medical bills to treat the injuries he sustained in the Collision.

22. Mr. Taylor continues to treat for his injuries and continues to incur cots related to treating the injuries he suffered in the Collision.

23. In June of 2016, with Safeco's permission, Mr. Taylor settled with Mr. Nash's automobile insurer for $50,000—the limits of the bodily injury coverage available under Mr. Nash's automobile liability insurance policy.

24. Mr. Nash's vehicle therefore qualifies as an "underinsured motor vehicle" as the Policy defines that term.

25. The limits of liability under all applicable bodily injury liability policies have been exhausted by settlement.

26. Because Mr. Taylor's recovery from all third-party liability policies is equal to the total coverage available under those policies, there exists a legal presumption that he has not been made whole.

27. In fact, Mr. Taylor has not been fully compensated for his injuries, damages, and losses due to the Collision.

28. Mr. Taylor remains legally entitled to recover from Mr. Nash for the injuries, damages, and losses he (Mr. Taylor) sustained in the Collision.

29. Mr. Taylor is entitled to benefits under the UIM Coverage he purchased from Safeco.

30. The limit of Mr. Taylor's benefits under the UIM Coverage is $100,000.

31. By letter dated September 23, 2016, Mr. Taylor requested Safeco to pay him benefits under the UIM Coverage, informing Safeco that he had incurred significant medical bills and had a substantial loss of income due to closing his business because of the injuries he suffered in the Collision.

32. In considering Mr. Taylor's claim for benefits under the UIM Coverage, Safeco had to thoroughly investigate the claim before deciding whether to pay the claim.

33. In considering Mr. Taylor's claim for benefits under the UIM Coverage, Safeco had to diligently search for evidence supporting his claim for benefits.

34. In considering Mr. Taylor's claim for benefits under the UIM Coverage, Safeco had to equally consider both Mr. Taylor's interests and its own interests.

35. Under the UIM Coverage, Safeco was required to pay Mr. Taylor the difference between the amount he recovered from Mr. Ward's insurer and the amount of the damages he sustained (up to the UIM Coverage limit).

36. If, after completing its investigation, Safeco was going to deny Mr. Taylor's claim, it had to provide substantial justification and factual support for its decision to do so.

37. Between September 23, 2016, and October 7, 2016, Safeco requested no information from Mr. Taylor regarding his loss of income.

38. Between September 23, 2016, and October 7, 2016, Safeco requested no additional medical records from Mr. Taylor.

39. Between September 23, 2016, and October 7, 2016, Safeco requested no information related to Mr. Taylor's nonpecuniary losses.

40. By letter dated October 7, 2016, just two weeks after receiving Mr. Taylor's claim for benefits under the UIM Coverage, Safeco informed Mr. Taylor that it had completed its investigation and believed he was "fairly compensated for his injuries sustained in the above referenced accident."

41. Pursuant to its October 7, 2016, letter, Safeco denied Mr. Taylor's claim for benefits under the UIM Coverage and refused to pay him any money on his claim.

42. By letter dated October 7, 2016, Safeco provided no justification or factual support for its decision to deny Mr. Taylor's claim.

43. By letter dated May 26, 2017, Mr. Taylor provided Safeco with additional evidence demonstrating that he suffered from cognitive deficits, post-concussive syndrome, and chronic pain. He offered to resolve his claim for UIM Coverage within policy limits.

44. On June 8, 2017, Safeco requested Mr. Taylor submit to an "independent medical examination" and provide additional medical records.

45. By letter dated July 5, 2017, Mr. Taylor provided Safeco with the additional medical records it requested.

46. On July 21, 2017, Mr. Taylor underwent an examination by Safeco's hired medical examiner, B. Andrew Castro, M.D.

47. Because Safeco hired Dr. Castro to examine Mr. Taylor, Dr. Castro owed no duty of care for correctly diagnosing Mr. Taylor.

48. In his report to Safeco, Dr. Castro informed Safeco that Mr. Taylor continued to treat for the injuries (both physical and emotional) he sustained in the Collision.

49. In his report to Safeco, Dr. Castro informed Safeco that Mr. Taylor had reached maximum medical improvement regarding the physical injuries he sustained in the Collision.

50. In his report to Safeco, Dr. Castro informed Safeco that Mr. Taylor had been diagnosed by a neurologist as having post-concussive syndrome related to the Collision.

51. In his report to Safeco, Dr. Castro informed Safeco that Mr. Taylor had lost his business because of his complaints of inability to work because of pain sustained in the Collision.

52. On August 8, 2017, Safeco notified Mr. Taylor that "[b]ased on my review of the report, I continue to believe that Mr. Taylor has been fully compensated for his injuries sustained in the above referenced accident."

53. Pursuant to its August 8, 2017, letter, Safeco denied Mr. Taylor's claim for benefits under the UIM Coverage and refused to pay him any money on his claim.

54. By letter dated August 8, 2017, Safeco provided no justification or factual support for its decision to deny Mr. Taylor's claim.

55. Mr. Taylor has satisfied all conditions precedent to receiving benefits under the UIM Coverage.

56. Mr. Taylor has not been fully compensated for the injuries, damages, and losses he suffered as a result of the Collision.

57. To date, Safeco has refused to pay Mr. Taylor benefits due to him under the UIM Coverage.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

58. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

59. The Policy constitutes a contract of insurance.

60. By the acts and omissions described above, and through others likely to be uncovered through discovery, Safeco breached the Policy.

61. As a direct and proximate result of Defendant's breach of the Policy, Mr. Taylor suffered injuries, harms, damages, and losses in amounts to be proved at trial.

## SECOND CLAIM FOR RELIEF

### (Bad Faith Breach of an Insurance Contract)

62. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57 above as if fully set forth herein.

63. Besides the Policy's express duties, Safeco owes duties to Mr. Taylor under the Policy's implied covenant of good faith and fair dealing, which include, without limitation, the following:

   a. to deal with Mr. Taylor fairly and honestly;
   b. to faithfully perform its contractual duties;
   c. to give Mr. Taylor's interests the same consideration as it gave its own interests;
   d. to properly represent the Policy's provisions relating to the coverage at issue; and
   e. to not impair, interfere with, hinder, or potentially injure Mr. Taylor's right to receive benefits under the Policy.

64. By the acts and omissions described above, and through others likely to be uncovered through discovery, Safeco breached its duties of good faith and fair dealing. These breaches include, without limitation, the following:

   a. denying benefits to Mr. Taylor under his UIM Coverage without a reasonable basis in fact or law;

   b. failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the Policy;

   c. ignoring pertinent information establishing that Safeco had to pay policy benefits to Mr. Taylor;

   d. depriving Mr. Taylor of the benefits and protections of the Policy;

   e. misrepresenting Policy provisions;

   f. placing its interests above Mr. Taylor's; and

   g. other conduct to be revealed in discovery.

65. By the acts and omissions described above, and through others likely to be uncovered through discovery, Safeco knew its denial of Mr. Taylor's claim for benefits under the UIM Coverage was unreasonable or it recklessly disregarded the fact that its denial was unreasonable.

66. As a direct and proximate result of Safeco's bad faith breach of the insurance contract, Mr. Taylor has suffered injuries, harms, damages, and losses (separate and distinct from those incurred in the Collision) in amounts to be proved at trial.

## THIRD CLAIM FOR RELIEF

**(Violation of C.R.S. § 10-3-1115 and Remedies under C.R.S. § 10-3-1116)**

67. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 66 above as if fully set forth herein.

68. Sections 10-3-1115(1) & (2), C.R.S., forbid a person engaged in the business of insurance from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a "first-party claimant."

69. Safeco is a "person engaged in the business of insurance" within the meaning of C.R.S. § 10-3-1115(1)(a).

70. Under C.R.S. § 10-3-1116(1), a first-party claimant whose claim for payment of benefits has been unreasonably denied or delayed may sue to recover reasonable attorneys' fees, court costs, and two times the covered benefit.

71. Mr. Taylor is a first-party claimant under C.R.S. § 10-3-1115(1)(a)(I).

72. Safeco denied payment of the benefits owed to Mr. Taylor under the Policy's UIM Coverage.

73. Safeco lacked a reasonable basis within the meaning of C.R.S. § 10-3-1115(2) for denying benefits to Mr. Taylor under the UIM Coverage.

74. Safeco's acts and omissions as described herein violate C.R.S. § 10-3-1115(2).

75. Accordingly, Mr. Taylor brings this claim to recover amounts awardable under C.R.S. § 10-3-1116(1).

**WHEREFORE**, Plaintiff, Scott Taylor, respectfully requests that this Court enter judgment in his favor and against the Defendant, Safeco Insurance Company of America, as follows:

   a. For all amount Mr. Taylor is legally entitled to recover from Mr. Nash for the injuries, damages, harms, and losses he incurred because of the Collision;

   b. For compensatory economic and non-economic damages in amounts to be proven at trial;

   c. for two times the covered benefit, as permitted by C.R.S. § 10-3-1116(1);

   d. for reasonable attorneys' fees, costs, and expenses incurred as permitted by law;

    e.   for all pre- and post-judgment interest, statutory and moratory, as permitted by law; and

    f.   for such other and further relief as this Court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

**DATED** this 6th day of October 2017.

    McDERMOTT LAW, LLC

    *s/ Timothy M. Garvey*

    Shawn E. McDermott, #21965
    Timothy M. Garvey, #42668
    2300 15th Street, Suite 200
    Denver, CO 80202
    (303) 964-1800
    (303) 964-1900 (Fax)
    *shawn@mcdermottlaw.net*
    *tim@mcdermottlaw.net*
    **Attorneys for Plaintiff**

Plaintiff's Address
2720 W. 37th Avenue
Denver, CO 80211